[797 NYS2d 304]

In the Matter of CATHRYN ALIZABETH BYRNE, an Attorney, Resignor.

Second Department, June 27, 2005

## APPEARANCES OF COUNSEL

*Jerry Garguilo*, St. James, for resignor.

*Faith Lorenzo*, Hauppauge (*Robert A. Green* of counsel), for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Cathryn Alizabeth Byrne has submitted an affidavit dated February 1, 2005, wherein she tenders her resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Ms. Byrne was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 26, 1990.

Ms. Byrne has been informed by the Grievance Committee that evidence of professional misconduct has been adduced by its ongoing investigation and that charges would be prosecuted in a disciplinary proceeding to be recommended to the Court. The charges are based on the allegation that between approximately June 2004 and November 2004, Ms. Byrne was entrusted with funds belonging to the Lena Mae Sinisi Irrevocable Trust, Lena Mae Sinisi, and Rosemary Cowitt, relating to a real estate transaction. Although the funds were to be held in escrow, Ms. Byrne conceded that she failed in her obligation to properly maintain and preserve at least $226,000 of those funds during the time they were entrusted to her.

Ms. Byrne acknowledges that she cannot successfully defend herself on the merits of any disciplinary charges which may be initiated by the Grievance Committee based upon the facts and circumstances of the aforesaid professional misconduct. She avers that her resignation is freely and voluntarily tendered and that she is not being subjected to coercion or duress by anyone.

Ms. Byrne has discussed her decision to resign with her attorney, Jerry Garguilo, and others whose advice and counsel she respects and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Ms. Byrne's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that she make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). She acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against her, and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as the resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Cathryn Aliza-

beth Byrne is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SKELOS, JJ., concur.

Ordered that the resignation of Cathryn Alizabeth Byrne is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cathryn Alizabeth Byrne is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Cathryn Alizabeth Byrne shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cathryn Alizabeth Byrne is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Cathryn Alizabeth Byrne, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the Ms. Byrne shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).